ROBERT H. KNETTLE, Respondent, v. J. B. SCOTT AND L. M. BOTTOM, Appellants.

### Kansas City Court of Appeals, June 15, 1885.

1. WAIVER OF CONTRACT—RECOVERY OF CONSIDERATION.—Where there is proof of a special contract precisely as alleged in the petition, the plaintiff will not be allowed to waive it and recover back the consideration, for this would be permitting him entirely to change the contract and recover in money when payment was to be made in the performance of services, and this without any default on the part of defendant. If one promises to pay a sum of money, and the creditor at the same time undertakes to give the debtor employment to enable him to pay the debt, the failure to give the employment cannot discharge the debtor from his obligation. It may give the debtor a right of action against the creditor for damages, but is not a discharge of the undertaking. *Edwards &*

*Cravens v. McKee,* 1 Mo. 123; and *Beach v. Curle's Adm'r,* 15 Mo. 105, *distinguished.*

APPEAL from Cooper Circuit Court, HON. E. L. EDWARDS, J.

*Reversed and remanded.*

Statement of case by the court :

This suit was begun before a justice of the peace on the following account :

"Berry Scott and L. M. Bottom, to R. H. Knettle, Dr.

"To balance on threshing machine, $147.72."

A trial before the justice resulted in favor of defendants.

The plaintiff appealed to the circuit court.

Upon the trial in the circuit court, the plaintiff testified that in the fall of 1881 he sold appellant a threshing machine for $800. That they paid him $200 at date of sale, and gave their note for $400, due twelve months after date, and were to pay the balance, $200, by the first of March, 1882. That they had not paid the $200, that there was still a balance due him of $147. The exact amount was stated in his account sued upon. On his cross-examination the attorney of defendants propounded this question :

"QUESTION :—When you sold the defendants the machine did you not agree to furnish them $200 worth of threshing, and were not the $200 to be paid in threshing ?"

"ANSWER :—They asked me if I had any threshing on hand, and I told them I had, and they wished me to assist them in getting threshing. My son, and both of the defendants were present when the contract was made. I did not take any note for the $200; I took a note for the $400 due one year after. I do not know why I did not take a note for the $200. I did not take any note or writing about the $200. I did not agree to take it out in threshing."

The following evidence was given on the part of the defendants below :

J. B. Scott said he was one of the defendants; knew plaintiff. "About November, 1880, we bought a threshing machine of plaintiff for $800. We were to pay him $600 in money, and to do $200 worth of threshing for certain parties whom he named, which plaintiff agreed he would furnish between then and March of the next year. We were to pay him $200 in cash and gave him our note due in twelve months, for $400, and to do $200 worth of threshing before March 1st. He named over parties whose threshing he had engaged, and we were to do it to the amount of $200, and Knettle was to collect the $200 of the parties for whom we threshed.    *    *    * Plaintiff collected the money for Berger's and Allison's threshing. I never gave him any order for it. It was the understanding when we bought the machine. We never collected it. We never tried to. We would not have bought the machine at that price if plaintiff had not agreed to furnish us $200 worth of threshing. That was the inducement for purchasing. We paid the $400 note before it came due.    *    *    *    *"

L. M. Bottom, the other defendant, testified to the same facts.

The court gave for the plaintiff the following instruction:

"If the jury find from the evidence that the plaintiff sold to the defendants a threshing machine and that there is a balance of the purchase price which has not been settled or paid, then the jury will find for the plaintiff, and assess his damages at such sum as the jury may believe remains unpaid, together with six per cent. interest thereon from the commencement of this suit, notwithstanding the jury may further find that the plaintiff agreed to furnish the defendants threshing to pay said balance and failed, and refused so to do, as said matter constitutes no defence in this action."

The court gave two instructions for the defendants, which it is unnecessary to notice, but refused to give for them the following instructions:

"3. If the jury believe that defendants purchased of plaintiff a threshing machine for which they agreed

to pay $200 in cash, $400 in twelve months after date, for which they gave their note, and $200 in threshing, to be furnished by plaintiff between the sale and the first of March thereafter, and that said $200 in cash and $400 note have been paid, and that they were ready and willing to do the threshing to the amount of $200, as agreed upon, and the plaintiff failed and refused to furnish it as he agreed to, by reason of which defendants were unable to do said threshing, they will find their verdict for the defendants."

"4. If the jury believe from the evidence that in or about the month of November, 1880, the plaintiff sold defendants a threshing machine, and that it was agreed between plaintiff and defendants, that defendants were to pay plaintiff the sum of two hundred dollars at the date of sale, and to execute to plaintiff their note for the sum of $400, due in one year after its date, and that said note has since been paid, and also agreed to do threshing for different parties to the amount of two hundred dollars, and that plaintiff was to furnish such threshing for defendants and assist in doing the same, and that plaintiff was to collect and receive the money for same, and that in accordance with such agreement, defendants did thresh for John Berger and one Allison, and that plaintiff assisted in doing same and collected of said Berger and Allison the price of same, and that defendants were ready and willing at all times to comply with their agreement, but plaintiff refused to furnish such threshing and to assist in doing the same, then plaintiff can not recover in this suit, and your verdict must be for defendants."

Under the instructions of the court the jury found a verdict for the plaintiff, and judgment was accordingly rendered.

The defendants have brought the case to this court by appeal.

COSGROVE & JOHNSTON, for the appellants.

I. The court erred in giving the instruction asked by

plaintiff. It was a direction to the jury to find their verdict for plaintiff, notwithstanding they might have believed from the evidence that the two hundred dollars were, by the terms of the contract, to be paid in threshing wheat, and that plaintiff was obliged to aid defendant sto do such threshing, and to collect the money for doing it, after it had been done. The ruling was based on *Beach v. Curle* (15 Mo. 74), but 'it has no application to this case.

II. Instructions numbered three and four, prayed by defendants, should have been given. They presented to the jury the case made by defendants ; the jury should have been permitted to pass upon the question of fact raised by the evidence, and upon which these instructions were based. If the contract of sale was that defendants were to pay the last $200 of purchase price of the machine in threshing, and that plaintiff was to help defendants do threshing to that amount, and to collect the money for doing it, then plaintiff could not, of his own volition, convert it into a money demand and recover thereon. *Edwards v. McKee*, 1 Mo. 84; *Witt v. Ogden*, 13 Johns 59 ; *McBain v. Austin*, 16 Mich. 91 ; *Turner v. Miller*, 59 Mo. 535 ; *Moore v. Waldo*, 69 Mo. 277; *Moline Scale Co. v. Bee*, 52 Iowa 307.

III. There was some evidence to show that the roads were so bad that the machine could not have been moved. It cannot be claimed that plaintiff would have been excused from a performance of his part of the contract on this account, for no such question was submitted to the jury by the instructions.

DRAFFEN & WILLIAMS, for the respondent.

I. The plaintiff sold the machine for eight hundred dollars. Even if he did agree to furnish them the threshing of the parties named in the evidence, out of the proceeds of which two hundred dollars of the purchase money was to be paid, still the failure to furnish the threshing would not discharge the defendants from their obligation. If injured, they might be allowed any damages sustained by reason of such failure. *Beach v.*

*Curle's Adm'r*, 15 Mo. 105; *Edwards v. McKee*, 1 Mo. 86; *Bowker v. Hoyt*, 18 Pick. 555; *Lee etc., v. Ashbrook*, 14 Mo. 378.

II. The defendants' instructions were properly refused. They asserted that the failure of the plaintiff to furnish the threshing, if defendants were ready to do it, of itself, absolutely discharged the defendants from liability. They might, as we admit, set off against the debt any damages sustained by the plaintiff's failure, but under the authority cited above, this did not discharge the debt, as is claimed by defendants' instructions

III. The plaintiff's instruction was rightly given. There was no proof that any damages were sustained by the failure of plaintiff to furnish the threshing. There was no set-off or counter claim filed before the justice. The defendants tried the case on the theory announced in their instructions; they based their defence upon the ground that they were absolutely released. They cannot complain of the court in treating that as the only issue. *Leabo v. Good*, 67 Mo. 126.

Opinion by HALL, J.

1. The defendants complain here of the action of the circuit court in giving the instruction asked by plaintiff. That instruction, abstractly, is clearly correct. *Beach et. al. v. Curle's Adm'r*, 15 Mo. 105. The only question on this point is, whether there was any testimony on which to base the latter part of that instruction. But it would seem that the jury might have been authorized to infer, from the latter part of defendant Scott's testimony, above quoted, "that the plaintiff agreed to furnish the defendant's threshing to pay said balance," and not, as submitted in defendant's instructions refused, that the plaintiff agreed to accept a certain amount of threshing in part payment for the machine. We cannot, therefore, say that the court erred in giving said instruction.

2. The defendants further complain of the action of the trial court in refusing to give instructions numbered three and four, asked by them. The testimony of the de-

fendants was unquestionably sufficient to justify the court in submitting to the jury the question whether the plaintiff had sold the machine to the defendants for six hundred dollars in money, and for a certain amount, to-wit: two hundred dollars of threshing, to be furnished by plaintiff; provided that this fact, had it been found by the jury, would have constituted a defence to this action, in connection with the other facts in proof.

If it be true that defendants were to pay in part for the machine in two hundred dollars' worth of threshing, to be furnished by plaintiff, and that defendants were able, willing, and ready to do said threshing in accordance with their agreement, we do not think that the plaintiff could waive the contract and recover in money in lieu of the threshing.

"Here is no failure of proof of the special contract; it is proved precisely as laid down in the declaration; and to allow the plaintiff to waive it, and recover back the consideration, would be permitting them entirely to change the contract, and recover in money when payment was to be made in the performance of services; and this, too, without any default on the part of defendant." *Wilt and Green v. Ogden*, 13 Johns. 57; see, also, *Ruggles v. The Rochester City Bank*, 3 Comstock 91; and *Davidson v. Overhulser*, 3 (Greene) Iowa 197.

The cases of *Edwards & Cravens v. McKee* (1 Mo. 123), and *Beach v. Curle's Adm'r* (15 Mo. 105), do not in any manner conflict with these well established principles.

In the first of these cases, "it was proved by plaintiff that * * * as the defendant was returning home with sundry horses, * * * the defendant represented to a witness that he had purchased said horses, together with a wagon and gears, from Cravens, the intestate—that the terms on which he had purchased were, that he was to keep the horses, wagon, and gears, until the Christmas next ensuing, at which time he had his election, either to return the said horses, wagon, and gears, to Cravens, or to keep them at the price of $400, to be paid by the 25th of December, next year; and

that defendant said that he considered the contract advantageous, inasmuch as he was to have the *privilege of paying the said sum of four hundred dollars, or a part thereof in hauling.* * * *" The court said: "With respect to the instruction of the court to the jury, on application of defendant's counsel, the circuit court did err on that point. The court instructed the jury, if they should find the defendant had the privilege of paying the whole sum, or any part thereof, in hauling, they should find for defendant. This is not the case of a contract in the alternative, but it is to be viewed *as a means by which the payment of money may be defeated,* and is nothing but a defeasance ; but after the time limited for payment had elapsed, the action will well lie."

In that case the primary liability assumed by defendant was not to do so much hauling, but was to pay so much money. The liability to pay the money would have been defeated by doing the hauling. The right to do the hauling had been lost by the defendant, and, therefore, his primary liability to pay the money remained. But in the case in hand, as considered under this point, the primary liability of defendants was not to pay two hundred dollars, but was to do for plaintiff a certain amount of threshing. By doing the threshing, as they offered to do, they would not have defeated their liability to pay said sum of money, but they would have completed the payment of the machine, in accordance with their agreement. Had the defendants refused to do the threshing, they would have been liable to plaintiff in the sum of two hundred dollars in money, not in payment of the machine, but as damages for a breach of their agreement, fixed at said sum by said agreement. In the case of *Beach v. Curle's Adm'r, supra,* the defendant asked the following instruction :

"That if J. A. and J. P. Eddy contracted with Curle & Scott to advance the necessary funds for the purchase of the boat, and if the drafts given in evidence, or any of them, were given in payment for said boat, and if it was agreed between the Eddys and Curle &

Scott that·the money thus advanced was to be refunded,· out of the proceeds of · the sale of coal transported by Curle & Scott from the Kingston mines, and if the said J. A. Eddy was then a member of· the firm of Beach & Eddy, and endorsed the said drafts in the name of Beach & Eddy, for the purpose of raising money to· purchase said boat, in·pursuance of the 'contract of the two Eddys with Curle & Scott, and if the said Curle & Scott were prevented by the said J. A. and J. P. Eddy from refunding the said money from the proceeds of the sale of the coal by reason of a failure of the said J. A. and J. P. Eddy to furnish said coal for transportation, then the plaintiffs are not entitled to recover for the amount so advanced, and so prevented, by the act of the two Eddys, from being refunded.''

In speaking of said instruction the court said :

''The last instruction does not contain a correct· proposition. If one promises to pay a sum of money, and the creditor undertakes, at the same time, to give the debtor employment, to enable him to pay the debt, the failure to give the employment cannot discharge the debtor from his obligation. Such a case is not within the rule which discharges the promisor where he has been prevented, by the act of the promisee, from performing the contract. It may give the debtor a right of action against his creditor for damages, but it is obvious that it would be a violation of justice to permit him to plead such a failure in discharge of his undertaking. It would be assuming that the measure of damages for the breach of such contract would be equal to the debt, whereas, in fact, no damages may have been sustained.''

The difference between the instruction in that case and the instructions on account of whose refusal the defendants in this case complain, is very great.

In that case the primary liability of Curle & Scott was to· pay the money advanced to them ; that money they had agreed to pay ; the employment to be furnished them was· to enable them to pay that money. But in this case, as supposed in defendant's said instructions, the defendants never agreed to pay the said $200 ;

the primary liability assumed by them was to do certain threshing. Their contract was not to pay for the machine with $200, but with a certain amount of threshing. And this case, as put in those instructions, falls within the rule alluded to, and not changed by the court in that case, "which discharges a promisor, where he has been prevented by the act of the promisee, from performing the contract." If, by their agreement, defendants were to pay for a certain part of the machine by doing a certain amount of threshing, we know of no principle of law by which plaintiff, of his own will only, can require them to make said payment in money.

The two cases in the first and fifteenth Missouri Reports are authority in support of the action of the circuit court in giving the instruction asked by the plaintiff; but they do not support the action of that court in refusing to give instructions numbered three and four, asked by defendants.

On account of that refusal, the judgment of the circuit court is reversed, and the cause is remanded. All concur.